Kevin R. Mintz, Esq. (Bar No. 172299)
Bryce Gray, Esq. (Bar No. 215176)
RANKIN, SPROAT, MIRES, BEATY & REYNOLDS
A Professional Corporation
1333 Broadway, Suite 600
Oakland, CA 94612
Tel: (510) 465-3922 – Fax: (510) 452-3006          **[E-FILING MANDATORY]**

Attorneys for Defendant,
CAVCO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JOYCE ANDERSON and MICHAEL ANDERSON, | Case Number: 08-CV-08799-SC |
| | *Assigned to Honorable Samuel Conti for All Purposes* |
| Plaintiffs, | |
| | **ANSWER OF DEFENDANT CAVCO TO PLAINTIFFS' COMPLAINT** |
| vs. | |
| CAL-AM PROPERTIES, INC.; CAVCO INDUSTRIES, INC. and DOES 1-100, Inclusive, | |
| Defendants. | |
| _____/ | |

COMES NOW Defendant CAVCO INDUSTRIES, INC. and answers the

Complaint of JOYCE ANDERSON and MICHAEL ANDERSON as follows:

## GENERAL ALLEGATIONS

1.    Answering paragraph 1 of the complaint, defendant admits all allegations

therein.

2.    Answering paragraph 2 of the complaint, defendant is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis denies each and every allegation contained therein.

3.    Answering paragraph 3 of the complaint, defendant admits all allegations contained therein

4.    Answering paragraph 4 of the complaint, defendant admits Plaintiffs purchased a new mobile home, but defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies such remaining allegation.

5.    Answering paragraph 5 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6.    Answering paragraph 6 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7.    Answering paragraph 7 of the complaint, defendant admits it is a corporation licensed to do, and doing business in California, but defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies such remaining allegation.

8.    Answering paragraph 8 of the complaint, defendant admits that it was the manufacturer of the home which plaintiffs ultimately purchased, and that such home was sold to Cal-Am after completion of construction. As to the remaining allegations, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9.    Answering paragraph 9 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10.    Answering paragraph 10 of the complaint, defendant generally and specifically denies each and every allegation contained therein.

11.    Answering paragraph 11 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12.    Answering paragraph 12 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13.    Answering paragraph 13 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14.    Answering paragraph 14 of the complaint, defendant admits all allegations contained therein.

15.    Answering paragraph 15 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16.    Answering paragraph 16 of the complaint, defendant denies that there were any material defects in the design, manufacture, assembly or construction of the subject manufactured home which are attributable to this defendant. As to the remaining allegations, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17.    Answering paragraph 17 of the complaint, defendant admits it was notified of the alleged defects with the subject manufactured home, but defendant is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations contained

in said paragraph, and on that basis denies such remaining allegation.

### FIRST CAUSE OF ACTION
**(Breach of Contract – Manufactured Home Purchase Agreement)**
**Against Defendant CAL-AM PROPERTIES, INC**

18.    Answering paragraph 18 of the complaint, defendant incorporates by

reference as if fully set forth herein, each and every response contained in Paragraphs 1-17 of this

Answer.

19-27.  Insofar as paragraphs 19-27 of the complaint do not contain any

allegations as to defendant CAVCO, defendant is without sufficient knowledge or information to

form a belief as to the truth of the allegations contained in said paragraph, and on that basis

denies each and every allegation contained therein.

### SECOND CAUSE OF ACTION
**(Breach of Warranty – Manufactured Home Purchase Agreement)**
**Against Defendants CAL-AM PROPERTIES, INC and CAVCO INDUST.**

28.    Answering paragraph 28 of the complaint, defendant incorporates by

reference as if fully set forth herein, each and every response contained in Paragraphs 1-27 of this

Answer.

29.    Answering paragraph 29 of the complaint, defendant admits there was a

written warranty for the manufactured home, but defendant is without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations contained in said

paragraph, and on that basis denies such remaining allegation.

30.    Answering paragraph 30 of the complaint, defendant denies that there were

any material defects in the design, manufacture, assembly or construction of the subject

manufactured home which are attributable to this defendant. As to the remaining allegations,

defendant is without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.    Answering paragraph 31 of the complaint, defendant denies each and every allegation contained therein.

32.    Answering paragraph 32 of the complaint, defendant denies each and every allegation contained therein.

33.    Answering paragraph 33 of the complaint, defendant denies each and every allegation contained therein.

34.    Answering paragraph 34 of the complaint, defendant denies each and every allegation contained therein.

35.    Answering paragraph 35 of the complaint, defendant denies each and every allegation contained therein.

36.    Answering paragraph 36 of the complaint, defendant admits there was an express warranty, but defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies such remaining allegation.

37.    Answering paragraph 37 of the complaint, defendant denies each and every allegation contained therein, or that plaintiffs have suffered any recoverable damages as a result of the acts or omissions of this defendant..

38.    Answering paragraph 38 of the complaint, defendant denies each and every allegation contained therein, or that plaintiffs have suffered any recoverable damages as a result of the acts or omissions of this defendant.

///

///

**Count 2- Breach of Implied Warranty of Merchantability,
Song-Beverly Consumer Warranty Act**

39.    Answering paragraph 39 of the complaint, defendant incorporates by reference as if fully set forth herein, each and every response contained in Paragraphs 1-38 of this Answer.

40.    Answering paragraph 40 of the complaint, defendant admits that the manufactured home was fit to be used for the ordinary purpose of providing a reliable and safe home for habitation, but defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies such remaining allegation.

41.    Answering paragraph 41 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42.    Answering paragraph 42 of the complaint, defendant denies each and every allegation contained therein.

43.    Answering paragraph 43 of the complaint, defendant denies there was a breach of the Song-Beverly Act, or that plaintiffs have suffered any recoverable damages as a result of the acts or omissions of this defendant.

44.    Answering paragraph 44 of the complaint, defendant denies each and every allegation therein.

**Count 3- Violation of Magnuson-Moss Warranty Act**

45.    Answering paragraph 45 of the complaint, defendant incorporates by reference as if fully set forth herein, each and every response contained in Paragraphs 1-44 of this Answer.

///

46.    Answering paragraph 46 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

47.    Answering paragraph 47 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

48.    Answering paragraph 48 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

49.    Answering paragraph 49 of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

50.    Answering paragraph 50 of the complaint, defendant denies each and every allegation contained therein.

51.    Answering paragraph 51 of the complaint, defendant denies that plaintiffs have performed "all things agreed to and required of them under the purchase agreement and warranties.  As to the remaining allegations, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

52.    Answering paragraph 52 of the complaint, defendant denies each and every allegation contained therein or that plaintiffs have suffered any recoverable damages as a result of the acts or omissions of this defendant.

53.    Answering paragraph 53 of the complaint, defendant denies each and every allegation contained therein or that plaintiffs have suffered any recoverable damages as a result

of the acts or omissions of this defendant.

## Third CAUSE OF ACTION
### (Negligence)
### Against Defendants CAL-AM PROPERTIES, INC and CAVCO INDUST.

54.    Answering paragraph 54 of the complaint, defendant incorporates by reference as if fully set forth herein, each and every response contained in Paragraphs 1-53 of this Answer.

55.    Answering paragraph 55 of the complaint, defendant admits that persons owe others a general duty to use ordinary care, but denies each and every remaining allegation contained therein.

56.    Answering paragraph 56 of the complaint, defendant denies that there were any material defects in the design, manufacture, assembly or construction of the subject manufactured home which are attributable to this defendant. As to the remaining allegations, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

57.    Answering paragraph 57 of the complaint, defendant denies each and every allegation contained therein.

58.    Answering paragraph 58 of the complaint, defendant denies each and every allegation contained therein or that plaintiffs have suffered any recoverable damages as a result of the acts or omissions of this defendant.

## FOURTH CAUSE OF ACTION
### (Misrepresentation)
### Against Defendants CAL-AM PROPERTIES, INC

59.    Answering paragraph 59 of the complaint, defendant incorporates by reference as if fully set forth herein, each and every response contained in Paragraphs 1-58 of this

Answer.

60.    Insofar as paragraphs 60-76 of the complaint do not contain any allegations as to defendant CAVCO, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant states that each and every cause of action of the Complaint fails to state facts sufficient to constitute a cause of action against Defendant, if at all, and on that basis Defendant reserves its right to move to dismiss said Complaint.

### SECOND AFFIRMATIVE DEFENSE

All claims against Defendant are barred by the applicable statutes of limitations, including, but not limited to, CCP §§ 337, 337.1, 337.15, 338, 339 and 340.

### THIRD AFFIRMATIVE DEFENSE

Defendant states that the actions and/or omissions of third parties presently known or unknown to this Defendant, who were not under the direction and control of this Defendant, were the sole proximate cause of the damages complained of in this action, if any. Defendant further specifically denies that it was the agent of, or is otherwise vicariously liable for, the acts or omissions of any such third parties, including any of the Doe defendants named herein.

### FOURTH AFFIRMATIVE DEFENSE

Defendant states that there is a defect or a misjoinder of parties pursuant to Code of Civil Procedure Section 430.10(d), as Plaintiffs have failed to join all parties necessary and/or indispensable for final determination of this action.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIFTH AFFIRMATIVE DEFENSE

The Complaint and each alleged cause of action therein, are barred by the failure of Plaintiffs to give Defendant reasonable and/or timely notice of the breaches or other wrongful conduct alleged against Defendant

### SIXTH AFFIRMATIVE DEFENSE

Defendant states that the Complaint, and all causes of action set forth therein, are barred by the knowing and voluntary waiver and/or release of any further obligations or liabilities of Defendant, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant states that the Plaintiffs knew of the risks, if any, referred to in the Complaint on file herein, had full knowledge of the conditions existing, and appreciated the risks involved, and yet they voluntarily and knowingly assumed the same. This assumption of the risks was the sole proximate and/or legal cause of the injuries and damages, if any, alleged.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs, by their conduct, statements and actions throughout the events and period alleged in the Complaint, knowingly misrepresented material facts to and concealed such facts from Defendant, who was actually and permissibly ignorant of the truth, with the intention that Defendant acted upon said misrepresentations, upon which Defendant was in fact induced to act, estopping Plaintiffs from presenting any claims or causes of action as against Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring them from any recovery whatsoever.

### TENTH AFFIRMATIVE DEFENSE

Defendant states that all claims asserted against it are barred by the equitable

Answer of Defendant CAVCO To Complaint    10    Case No. 08-CV-08799-SC

1  doctrine of laches.

2              ## ELEVENTH AFFIRMATIVE DEFENSE

3              Defendant states that all claims asserted against it are barred by the equitable

4
5  doctrine of unclean hands.

6              ## TWELFTH AFFIRMATIVE DEFENSE

7              Defendant alleges that as to any claims asserted against it by Plaintiffs based on

8  warranty, such claims are barred by the terms of such warranty, and that Plaintiffs have failed to

9  comply with all their obligations under such warranties, including but not limited to, timely

10 notice, proper maintenance and appropriate usage at all times relevant.

11             ## THIRTEENTH AFFIRMATIVE DEFENSE

12
13             Defendant alleges that if there are any claims asserted against it by Plaintiffs based

14 on warranty, such warranty, if any, limits the damages that may be obtained for any alleged

15 breach.

16             ## FOURTEENTH AFFIRMATIVE DEFENSE

17             Defendant alleges that any warranties of merchantability or fitness were expressly

18 excluded by Defendant.

19             ## FIFTEENTH AFFIRMATIVE DEFENSE

20
21             Defendant alleges that, at all times relevant, it acted with due and ordinary care, in

22 compliance with the applicable community standard and in satisfaction of any and all statutory

23 and legal duties imposed upon it, whether statutory or otherwise.

24             ## SIXTEENTH AFFIRMATIVE DEFENSE

25             All damages sought against Defendant were unforeseeable to Defendant, such that

26 Plaintiffs will be unable to meet their burden of proving that any acts or omissions of Defendant

27 were a legal, proximate cause of the damages complained of by them.

28

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant states that it is not responsible or liable for any agreements to which it was not a party or any agreement entered into between the Plaintiffs on the one hand and any third party contractor or other third party on the other hand who may have performed work, services, or provided materials with regard to the subject property and/or the matters complained of, and, further, Defendant is not responsible or liable for any materials provided or any work for services provided, or any need for repair arising from materials provided for any service/work that is provided by any party, other than Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant states that it substantially performed all matters contemplated within any agreement and contracts which it was a party to, and complied with any and all duties or requirements prescribed under applicable state law, such that any alleged failure to completely perform such matters which other parties attempt to attribute to Defendant, if any, are minimal and still resulted in performance by Defendant that was equivalent to that for which was bargained for under any alleged agreement.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action therein, are barred by the failure of other parties to perform or satisfy some or all of the conditions precedent to any further obligations of Defendant under any alleged contracts or agreements, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action therein, are barred by the failure and/or refusal of Plaintiffs to perform pursuant to the contracts or agreements, if any, alleged. Defendant is informed and believes, and thereupon alleges that such failure and refusal constituted an anticipatory repudiation of the contracts or agreements, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This answering defendant alleges that it was in compliance with all applicable statutory provisions concerning the subject manufactured home, including all statutes cited by Plaintiffs in their Complaint, and satisfied and/or complied with all statutory duties with which it was charged.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and thereupon alleges that the damages complained of in the complaint were caused in whole or in part by the misuse, abuse or unintended/abnormal use of the product(s) referred to in the Complaint, which inappropriate use(s) were not only unreasonable and improper, but were not foreseeable by this answering defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and thereupon alleges that the injuries and damages sustained by Plaintiffs, if any, were solely and legally caused by the modification, alteration or change of the product(s) referred to in the Complaint and said modification, alteration or change was performed by persons or entitles other than this answering defendant and without its knowledge or consent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This answering defendant alleges that Plaintiffs have not suffered any actual injury or damage attributable to the acts or omissions of this answering Defendant, including any loss of money or property, and that their claims for damages are instead purely speculative in nature, such that they are non-recoverable in any event.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiffs are barred from recovering against it due to the

failure of Plaintiffs to mitigate their losses or damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant states that at all times material hereto that the actions or omissions of Plaintiffs were the sole proximate cause of the damages complained of, or in the alternative, their actions and/or omissions were a contributing factor in causing the alleged damages, if any, and as such, any cause of action against Defendant should be barred, or alternatively, Defendant is entitled to indemnity from such persons, and any damages or recovery should be reduced in proportion to the actions, omissions, and/or a proportionate share of responsibility of such other parties for causing and/or contributing to the alleged damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant states that the damages alleged in this action, if any, were caused by the intervening, superseding actions and/or omissions and/or negligence of the Plaintiffs and/or third parties (individually and/or in unison), and/or acts of God and/or factors over which Defendant had no control and as such, any cause of action against Defendant should be barred, or alternatively, any damages or recovery should be reduced in proportion to the negligence and/or proportionate share of responsibility of Plaintiffs or any such third parties, for causing and/or contributing to the alleged damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiffs have failed to set forth any factual or legal basis for an award of attorneys' fees but, to the extent that the Court finds that there exists any statutory basis for attorneys' fees, then it is Defendant which is entitled to an award of attorney's fees in the event it is the prevailing party, including pursuant to Civil Code Section 1717.

///

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Each and every cause of action of the Complaint is subject to the provisions and limitations of Civil Code §1431, et seq.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant states that it is entitled to a set off for any payments made by any other parties, persons, or entities to the Plaintiffs or for any benefits available to Plaintiffs in connection with any of the damages complained of in this action, and that it is entitled to introduce evidence of any payments and/or benefits available to either at the time of trial.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This answering Defendant alleges that should Plaintiffs recover from this answering Defendant, this answering Defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiffs' damages, if any there were.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant states that the Complaint is vague and ambiguous, in its entirety, and therefore expressly reserves the right to amend this Answer to include any and all defenses, affirmative and/or otherwise, which are subsequently discovered in the course of this litigation and/or when the claims are clarified.

WHEREFORE, defendant prays as follows:

1.  That plaintiffs take nothing by reason of their complaint, and that judgment be rendered in favor of defendant;

2.  That defendant be awarded its costs of suit incurred in defense of this action; and

///

1

       3.  For such other relief as the Court deems proper.

2

      Defendant CAVCO INDUSTRIES, INC. hereby demands trial by jury.

3

Dated: July 3, 2008.               RANKIN, SPROAT, MIRES, BEATY &

4

                                           REYNOLDS

5

6

                           By:_____

7

                              Kevin R. Mintz

8

                              Bryce Gray
                              Attorneys for Defendant,
                              CAVCO INDUSTRIES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I declare that I am employed in the County of Alameda, State of California. I am

over the age of eighteen years and not a party to the within cause. My employment address is

1333 Broadway, Suite 600, Oakland, California 94612.

On July 3, 2008, I served copies of the attached document entitled: **ANSWER OF**

**DEFENDANT CAVCO TO PLAINTIFFS' COMPLAINT** on the interested parties in this

action, by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as

follows:

| | |
|---|---|
| **JOYCE ANDERSON and MICHAEL ANDERSON** | **CAL-AM PROPERTIES, INC.** |
| Paul G. Minoletti, Esq. | John Pentecost, Esq. |
| Brandon L. Reeves, Esq. | Hart, King & Coldren, a PLC |
| Greene, Chauvel, Descalso & Minoletti | 200 Sandpointe, 4th Floor |
| 155 Bovet Road, Suite 780 | Santa Ana, CA 92707 |
| San Mateo, CA 94402 | Tel: (714) 432-8700 |
| Tel: (650) 573-9500 | Fax: (714) 546-7457 |
| Fax: (650) 573-9689 | Email: jpentecost@hkclaw.com |

[XX]   **BY U.S. MAIL.** I caused such envelope to be placed for deposit in the U.S. Postal Service in a sealed envelope, with postage prepaid, addressed to the above, and that envelope was placed for collection and mailing on that date following ordinary business. (CCP § 1013a(3))

[ ]   **BY FEDERAL EXPRESS.** I caused such envelope to be deposited in a Federal Express depository at Oakland, California.

[ ]   **BY PERSONAL SERVICE.** I caused such envelope to be delivered by hand to the offices of the addressee(s).

[ ]   **BY FAX TRANSMISSION.** Pursuant to Rule 2.306 of the California Rules of Court, I caused such document to be transmitted via facsimile to the offices of the addressee(s).

[ ]   **STATE.** I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

[XX]   **FEDERAL.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. *[E-FILED/SERVED ON REPRESENTED PARTIES, PURSUANT TO PART III OF GENERAL ORDER 45]*

Executed on July 3, 2008, at Oakland, California.

*Amanda M. Williams*
Amanda M. Williams